PETER PIERCE & wife *vs.* THOMAS J. HARRINGTON.

On an agreement, under seal, between A. and wife, B., C., D., E., F. and G., all interested in certain real estate, that "the said parties, namely, A. and wife on the one side, and B., C., D., E., F. and G. on the other, shall," at a time and place to be appointed, "bid against each other for the right to take said estate, and thereupon said party obtaining the right to take the same shall receive a conveyance of the interest of the other party therein, and shall pay therefor to the other party the appraised value of the interest so conveyed, together with the sums bid for the right of taking said estate, in cash, upon the delivery of the deed," A. and wife brought an action against B. alone, alleging that, at the time and place appointed, "the parties to said agreement bid against each other as aforesaid, and B. did bid for said right" a sum named, "being the highest sum bid therefor, and thereupon became entitled to take the interest of the plaintiffs therein, and became bound to take the same and to pay therefor the amount of said appraisal and of said bid; and afterwards the plaintiffs executed a deed of the interest of said female plaintiff therein, and tendered the same to the other parties to said agreement, yet the defendant wholly refused to accept the same or pay the consideration thereof." *Held,* that the action could not be maintained.

ACTION OF CONTRACT, commenced on the 11th of May 1854. The declaration alleged that the plaintiffs and the defendant and the others, whose names were thereunto affixed, made the agreement, under their hands and seals, a copy of which was annexed to the declaration.

This agreement, which is dated February 15th 1854, and exe‑ cuted by Thomas J Harrington and Eliza his wife, Sylvanus Holbrook and Martha his wife, Harvey Waters, Franklin Waters, Peter Pierce and Lydia W. his wife, among other things " wit‑ nesseth that whereas the parties aforesaid‑ are interested in the estate of Elijah Waters, late of Millbury, deceased ; and whereas contr *versies have arisen and now exist between said parties, or some of them, growing out of their several interests in said estate ; now therefore, for the full and final settlement and determination thereof, and of all matters in dispute between said parties or any of them, the parties mutually, jointly and sever‑ ally, covenant and agree as follows: That Charles W. Harts‑ horn, Esquire, of the city and county of Worcester, together with two other competent and impartial persons to be by him selected, be and hereby are appointed referees between the parties, with full power and authority, upon the judgment of said Hartshorn as to the amount and quantity of interest which the said Peter and Lydia W. Pierce, in the right of said Lydia, have, in law or equity, in and to the homestead estate of said Eli‑ jah, situated in said Millbury, to ascertain and fix by appraisal, the value of said homestead estate ; and the same being ascertained and made known, that, at such time and place as the said Harts‑ horn shall appoint, the said parties, viz. the said Pierce and wife on the one side, and the said Harrington and wife, Holbrook and wife, and Franklin and Harvey Waters, on the other side, shall bid against each other for the right to take said estate and have a conveyance of the interest of the other party therein ; and thereupon said party obtaining the`right to take the same shall receive a conveyance of the interest of the other party therein, and shall pay therefor to the other party making said convey‑ ance the appraised value of the interest so conveyed, together with the sums bid for the right of taking said estate, in cash, upon the delivery of the deed."

The declaration then averred, " that Charles W. Hartshorn, Esquire, therein named, accepted the office of referee between the parties under said agreement, and selected two other com‑ petent and impartial persons to act together with him in said

capacity, viz. John E. Bacon and Thomas H. Witherby, and that said referees, upon the judgment of said Hartshorn as to amount and quantity of interest to which the female plaintiff was entitled in and to the homestead of Elijah Waters, deceased, did ascertain and affix by appraisal the value of said estate, and did, upon the judgment of said Hartshorn, as aforesaid, ascertain and determine the amount and quantity of interest of said female plaintiff therein to be one fifth thereof, and did ascertain and affix by appraisal the value thereof to be $555; and the same being ascertained and made known, the said Hartshorn did appoint the twenty-second day of March last, as the time, and the premises, viz. said homestead estate and said Millbury, as the place, where the parties to said agreement should bid against each other for the right to take said estate and have a conveyance of the interest of the other party therein; and that at said time and place, in the presence of said Hartshorn, the said parties to said agreement did bid against each other as aforesaid, and the said defendant did bid for said right the sum of $2,425, being the highest sum bid therefor, and thereupon became entitled to take the interest of the plaintiffs therein, and became bound to take the same, and to pay therefor the amount of said appraisal and of said bid as the consideration thereof, viz. in all, $2,980, and promised and agreed so to do; and afterwards, on the same day, the plaintiffs executed a deed of the interest of said female plaintiff therein, which was prepared by said Hartshorn according to the directions of said Harrington, and tendered the same to the other parties to said agreement, yet the defendant wholly refused to accept the same or to pay the consideration therefor or any part thereof; and the plaintiffs further offered to execute to the other party to said agreement any other deed thereof, and requested them, at the expense of the plaintiffs, to prepare one; and they have ever been and still are ready to convey their interest in said estate by any and all sufficient and proper deed or deeds, according to said agreement yet the defendant has wholly refused to accept of any convey ance thereof, and to fulfil said agreement."

The defendant demurred to the declaration, and specially

assigned the following causes of demurrer: 1. " Because the said Eliza Harrington, Sylvanus Holbrook and Martha Holbrook his wife, Franklin Waters and Harvey Waters, named in said agreement, are not made parties defendants in said suit." 2. " Because it is not stated in said declaration whether said Thomas J. Harrington bid for the interest of the plaintiffs, or either of them, in said real estate mentioned in said writ, in and for his own proper person, or for and in behalf of himself and his said wife and said Holbrook and wife and said Franklin Waters and Harvey Waters, the parties in said agreement named." 3. " Because it is not stated in said declaration who was the grantee named in the deed, which is alleged in said declaration to have been tendered by the plaintiff to the other parties named in said agreement." 4. " Because the estate alleged to have been bid off by the defendant, and which it is alleged he had been entitled to take, was the interest of the plaintiffs in said real estate ; and the deed alleged to have been tendered to the other parties to said contract is stated to have been a ' deed of the interest of said female plaintiff ' in said real estate." 5. " Because it is not alleged in said declaration that any deed was ever tendered to the defendant."

*R. Newton*, for the defendant.

*D. Foster*, for the plaintiffs.

SHAW, C. J.* This is in the nature of an action of covenant broken. The agreement declared upon is somewhat complicated and peculiar. We were apprehensive that we did not rightly understand the agreement, or that the parties acted under some great mistake of its terms, the result of which is, that the party owning four fifths of the estate should give the other party, for his one fifth, more than the appraised value of the whole, in pursuance of an agreement between tenants in common, apparently intended as a substitute for a partition. It may be so, and the party may be bound ; but if so, it must be by force of strict law, and cannot be aided by equitable considerations. The question raised by the demurrer is, whether the declaration sets forth a good cause of action, as against this defendant.

---

THOMAS, J. did not sit in this case.

Pierce & wife *v.* Harrington.

The agreement exactly defines the parties who are to bid against each other, Pierce and wife, the plaintiffs, on the one side, and the defendant and five others on the other. The declaration does not aver that the parties bid, but that the defendant bid. This is not conformable to the contract; he had no authority to act individually, and did not bind himself personally; and it is by force of his contract, if at all, that he can be held. But if it be said that one only could bid, and that the defendant bid for his party; then the whole were purchasers, and all bound by the bid, and by their contract, and the suit should have been against them all. But the averment is, not only that the defendant made the bid, but that he became bound, and the plaintiffs executed and tendered a deed to him, and that he declined to receive the deed and pay the money. For this reason, we think the declaration sets forth no cause of action.

There are other considerations, perhaps less important, but yet of some weight, and one of substance, not of form only. The thing to be bid for and conveyed was the interest of Pierce and wife in the real estate; whereas the deed executed and tendered as a performance on the part of the plaintiffs was of the interest of the female plaintiff. The difference is material, inasmuch as there must have been an interest in the estate vested in husband and wife jointly, in her right, at least for their joint lives, and perhaps an inchoate tenancy by the curtesy. There may be other objections to this declaration, but these are decisive

*Demurrer sustained.*